IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02595-MSK-KLM

GREGORY L. WALLACE,

    Applicant,

v.

J.M. WILNER, Warden, FCI - Florence, CO,

    Respondent.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

    This matter is before the Court on the **Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 9; Filed January 29, 2008] filed by Gregory L. Wallace ("Applicant").  Respondent filed a Response to Order to Show Cause on April 9, 2008 [Docket No. 27] ("Answer Brief").  Applicant did not file a Traverse. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, this matter has been referred to this Court for recommendation.  For the reasons set forth below, the Court recommends that the Application be **DENIED**.

**I.    Statement of the Case**

    At the time when Applicant filed his Application, he was a federal prisoner incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence") [Docket No. 4 at 2].  He was in custody for his third violation of supervised release relating to his April 6, 2005 sentence for involuntary manslaughter [Docket No. 27-2 at 4]. However, as of March 7, 2008, Applicant satisfied his full term and was released without

supervision from FCI-Florence [Docket No. 27-2 at 2]. A review of the Bureau of Prison's ("BOP") website confirms that as of April 6, 2009, Applicant remains outside of federal custody. BOP, http://www.bop.gov (last visited April 6, 2009).

In the Application, Applicant raises one claim for habeas relief, namely that his federal sentence should have been credited with twenty-three months and eleven days of jail time he served in state jails prior to his federal conviction. *Application* [#9] at 3. He seeks immediate release from custody. *Id.* at 5. In his Answer Brief, Respondent contends that Applicant's current release status moots his claim. *Answer Brief* [#27] at 3-5. Further, Respondent argues that any state jail time Applicant served in advance of the commission of his federal offense cannot be credited toward his sentence for that offense. *Id.* at 7-10.

The Court notes that prior to his release, Applicant filed a pleading purporting to provide his future address [Docket No. 15]. This pleading was not docketed as a notice of change of address, nor was Applicant's address changed in the electronic case filing system. The Court also notes that Respondent served his Answer Brief on Applicant at his former address. Consequently, Applicant did not file a Traverse in reply to the Answer Brief. Prior to my resolution of the present Application, I ordered service of the Answer Brief on Applicant at the address he provided in Docket No. 15 and directed the Clerk of Court to correct the docket to reflect Applicant's current address. *Order* [#29] at 1. I also ordered Applicant to file a Traverse to the Answer Brief no later than April 6, 2009. *Id.* My Order and the Answer Brief were not returned as undeliverable and were apparently received by Applicant, but he did not respond.

## II.     Standard of Review

Applicant is challenging the execution of his federal sentence pursuant to 28 U.S.C.

2

§ 2241.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Because Applicant is proceeding *pro se*, the Court must construe his Application liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status.  *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).  However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations.  *Hall*, 935 F.3d at 1110.

### III.    Analysis

#### A.    Mootness

Respondent first contends that Applicant's release from federal custody moots his Application.  However, release from custody does not automatically moot an Applicant's claims if Applicant can "demonstrate that serious collateral consequences of his incarceration exist, *i.e.*, that there is 'some concrete and continuing injury.'" *Holley v. Andraschko*, 80 Fed. Appx. 614, 615 (10th Cir. Oct. 22, 2003) (unpublished decision) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Here, as a consequence of Applicant's failure to file a Traverse, Applicant has not demonstrated that he will continue to suffer serious collateral injury.  Nor can the Court identify any continuing injury related to Applicant's claim, which is limited to whether he was properly credited for previous state court jail time.  Further, the alleged injury does not appear to be capable of repetition because Applicant served his full term and was released without supervision or condition.  Simply, "[b]ecause [Applicant] has already been released from custody, there is nothing for [the Court] to remedy.  'Mootness, however it may have come about, simply deprives [the

Court] of [its] power to act.'  The federal courts 'are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'"  *Id.* (quoting *Spencer*, 523 U.S. at 18).

Accordingly, I agree with Respondent that Applicant's release, which fully provides him with the remedy that he is seeking and cures his claimed injury, moots his claim.  *See also Hawkins v. Lawrence*, 66 Fed. Appx. 161, 162 (10th Cir. Apr. 23, 2003) (unpublished decision) (holding that where the relief requested in the application has already been provided, there is  "no longer any controversy to resolve").  Nevertheless, I will also briefly address the merits of his claim.

**B.     Merits**

Applicant contends that the time he served in state jails on unrelated misdemeanor offenses from approximately July 11, 2000 until June 22, 2002 should have been credited toward his federal sentence for involuntary manslaughter.  *Application* [#9] at 3.  However, the Court notes that Applicant's commission of the crime leading to his conviction for involuntary manslaughter did not occur until April 29, 2003, nearly a year after Applicant was incarcerated in state jails [Docket No. 27-3 at 2].  In addition, he was not sentenced for his federal crime until April 6, 2005 [Docket No. 27-2 at 4].

"The computation of a federal sentence requires consideration of two separate issues.  Initially, [the Court] determine[s] the commencement date of the federal sentence and then turn[s] to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence."  *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (citation omitted).  The key issue here, i.e., the amount of credit Applicant should have received, is governed by 18 U.S.C. § 3585(b).  Specifically,

Applicant is entitled to prior custody credits

> for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1)   as a result of the offense for which the sentence was imposed; or
> >
> > (2)   as a result of any other charge for which the defendant was arrested *after the commission of the offense* for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

The alleged time Applicant spent in state jails from 2001 to 2002 does not fall within either category of prior custody credits because such incarceration was unrelated to the offense for which the federal sentence was imposed, § 3585(b)(1), and because it occurred *prior to* the commission of the offense for which the sentence was imposed, § 3585(b)(2). Section 3585 clearly provides no mechanism for awarding Applicant credit for an unrelated incarceration that occurred before his commission of the crime of involuntary manslaughter. Further, as Applicant admits in his Application, he was serving time in state jails for conviction of other offenses. *Application* [#9] at 3. More specifically, he was not in custody awaiting conviction or sentencing. As such, his time spent in state jails was in the service of and has been credited to another sentence and therefore precluded from credit toward his federal sentence. *See* 18 U.S.C. § 3585(b).

**IV.   Conclusion**

As set forth above, I respectfully **RECOMMEND** that the Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** and that

this case be **DISMISSED with prejudice.**

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:    April 7, 2009

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix